## ROLAND BURNETT ET AL.

### v.

## MICAJAH C. BURNETT ET AL.

*Administration—Attempted Distribution of Estate by Testator Subsequent to Date of Will—Advancements—Equalization of Shares—Attempt of Certain Heirs to Re-open Accounts—Bound by Failure to Appeal from Former Order of Court—Allowance of Attorney's Fees to Administrator—Heirs as Witnesses Against Each Other.*

1. Where a testator, subsequent to the execution of his will, attempted

to make a distribution of his estate among his children, which distribution was only partially carried into effect prior to his death, but where, under orders of court entered upon petitions of the heirs in the progress of the administration, the distribution was completed, *held:* That certain of the heirs, having failed to appeal from the order entered upon their petition and which determined their shares, could not re-open the accounts and claim more than was by such order allowed to them.

2. Upon the case presented, the administrator was properly allowed a sum, in addition to his statutory commissions, for attorney's fees.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of Sangamon County; the Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. MORRISON & WHITLOCK, for appellants.

Mr. M. T. LAYMAN, for appellees.

WALL, J. This was an appeal from an order of the County Court, upon the final report of Keplinger, administrator with the will annexed, of the estate of Burnett.

The deceased made his last will on the 4th day of July, 1885. On the 21st of August, 1885, he made a distribution of his property, in which he substantially disposed of his entire estate, among his seven children. He intended to make an equal distribution on this occasion, it no doubt being his design to carry out in advance the provisions of the will. The children were not all present, nor were the details of the distribution all completed, but there seemed to be no misunderstanding as to the arrangement in general, or in particular. It appears that long before the making of the will advancements had been made to the different children at different dates, and in different amounts. Some of these advancements were represented by receipts, and it seems, though not very clearly, that others were represented in whole, or in part, by notes. In this division some of these notes were to be given up, and other notes were, in some instances, to be transferred; but, as already stated, the details were not fully completed, and this because a part of the papers could not then be found, and because some of the children, the appellants, were

not then present. The father died in September, and administration was granted in due time. Petitions were filed in the County Court by several of the children who were present at the division, showing the facts, and asking that the administrator might be required to complete the arrangement as to them by the surrender of certain notes, etc., according to the intention and partially accomplished act of the deceased. Upon investigation, the court, in each instance, granted a satisfactory measure of relief. Later on the appellants filed a petition for the same purpose, setting up the division, and asking that they might receive from the administrator, in money and notes, the amount necessary to give them the position intended by the deceased in said division. There was a hearing upon this petition, and at the December term, 1885, the court granted an order that the administrator pay to the petitioners the sum of $3,500, and deliver to them sundry notes for a larger amount. This order was complied with, and the money and notes were duly received by the petitioners. We think it was clearly understood by the heirs and by the administrator, that by these various orders the shares of the heirs were equalized, and that the last order referred to, which was made at the instance of the appellants, ought to bind them. They now seek to re-open the accounts, and suggest that by an accurate calculation and comparison of all the items and receipts, they will be entitled to more than the allowance then made. If that allowance was not satisfactory they should have appealed, and they can not now be heard to impeach it. The error assigned in this respect is overruled.

It is also urged as error that the court allowed the administrator a sum for attorney's fees, in addition to his commissions. We find nothing objectionable or oppressive in this when the circumstances are all considered. The estate was quite a difficult and troublesome one, and the administrator had need of legal aid in discharging his duties, and in properly caring for the interests in his hands. The court could see, no doubt, the necessity and propriety of the allowance as to the full statutory commission as well as the attorney's fee.

Cross-error is assigned that Roland Burnett, one of appellants, should be charged with $400, but we think the evidence wholly fails to support the claim and that the court properly ruled in regard thereto.

It is also assigned as cross-error, that the court improperly held the heirs were incompetent to testify as against each other. It is not clearly pointed out wherein this ruling was made, or how, if made, the rights of appellees, or any of them, were injuriously affected, and we think the point must be overruled.

So, also, of the cross-error that the court did not allow an attorney's fee for services in the Circuit Court; we are not disposed to interfere in this respect.

Upon the whole record we find no error of substance and the judgment will be affirmed.

*Judgment affirmed.*